FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 07, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANE W., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:24-CV-00247-ACE <br><br> ORDER GRANTING DEFENDANT'S MOTION <br><br> **ECF Nos. 10, 14** |

**BEFORE THE COURT** is Plaintiff's Opening Brief, Defendant's Brief in response, and Plaintiff's reply. ECF No. 10, 14, 15. Attorney Christopher H. Dellert represents Plaintiff; Special Assistant United States Attorney Jacob Peter Phillips represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits in December 2020, alleging onset of disability on January 15, 2019. Tr. 213, 215. Prior to the administrative hearing, Plaintiff amended the alleged onset date to June 30, 2018, the date of Plaintiff's heart attack. Tr. 17, 39,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

349.  The applications were denied initially and upon reconsideration.  Administrative Law Judge (ALJ) John M. Dowling held a hearing on August 17, 2023, Tr. 35-66, and issued an unfavorable decision on September 12, 2023, Tr. 17-29.

The Appeals Council denied Plaintiff's request for review on June 4, 2024, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on July 22, 2024.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set

aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On September 12, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-29.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through December 31, 2021, had not engaged in substantial gainful activity since the alleged onset date, June 30, 2018. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: congestive heart failure, diabetes mellitus, and chronic kidney disease. Tr. 20.

ORDER GRANTING DEFENDANT'S MOTION . . . - 3

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light exertion level work, with the following limitations:

> [Plaintiff] can stand and walk for 2 hours in an 8-hour day and sit for 6 hours in an 8-hour day; occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally kneel, stoop, crouch, or crawl; must avoid all exposure to unprotected heights; must avoid frequent exposure to non-weather related humid conditions; and can frequently handle and frequently finger with the left upper extremity.

Tr. 23.

At step four, the ALJ found Plaintiff was not able to perform any past relevant work. Tr. 27.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of "Routing Clerk, Cashier II, and Inspector, Hand Packager." Tr. 27-29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, June 30, 2018, through the date of the decision, September 12, 2023. Tr. 29.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ erred by failing to elicit a reasonable explanation from the vocational consultant for the deviation from descriptions of light work in the Dictionary of Occupation Titles ("DOT"). ECF No. 10 at 1-2.

## DISCUSSION

Plaintiff argues the ALJ erred by failing to resolve the vocational expert's deviation from the DOT. ECF No. 10 at 4-11. Defendant counters that even if the vocational expert's testimony was inconsistent with the DOT, the ALJ adequately explained why the vocational expert's testimony and her explanation for the basis of that testimony was reasonable. ECF No. 14 at 2-6.

At step five of the sequential evaluation process, the burden shifts to the ALJ to identify jobs that exist in significant numbers in the national economy that the claimant can perform. In making the step five determination, the ALJ "may consult a series of sources including a [vocational expert] and the DOT." *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017); *see* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704. "If the [vocational] expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016); *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("SSR 00-4p unambiguously provides that '[w]hen a [vocational expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert's] . . . evidence and information provided in the [DOT].'"). The ALJ has an affirmative duty to resolve any obvious or apparent conflicts between the DOT and the vocational expert's testimony. *Lamear*, 365 F.3d at 1205; *Massachi*, 486 F.3d at 1152-1153.

An "obvious or apparent" conflict exists where the vocational expert's testimony is "at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Gutierrez*, 844 F.3d at 808. Where such a conflict exists, the ALJ may accept the vocational expert's testimony that contradicts the DOT only if the record contains "persuasive evidence to support the

1 deviation." *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). Without an explanation from the ALJ addressing this conflict, courts cannot "determin[e] whether the ALJ's decision is supported by substantial evidence." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015).

Here, the vocational expert ("VE") testified than an individual limited to light exertion level work with additional limitations, including reduced standing, walking and sitting and unilateral handling, could perform the occupations of routing clerk, cashier II and inspector, hand packager. Tr. 61-62. The ALJ asked the VE whether her testimony was consistent with the DOT, and the VE testified that where her testimony conflicted with the DOT, her opinion was based on her education and experience "in analyzing jobs and placing individuals with disabilities as well as the Occupational Requirement Survey." Tr. 64 (the VE specifically mentioned "the limitation to left hand with reaching and handling and to the stand/walk, off-task behavior and the climbing" when asked about topics not directly addressed in the DOT). The ALJ acknowledged the apparent conflict between the DOT and the VE's testimony and determined that the VE's education, experience, and familiarity with the Occupational Requirement Survey was a reasonable basis for deviating from the DOT. Tr. 28.

Caselaw within the circuit indicates that an ALJ may reasonably rely on a VE's explanation that is based on the ALJ's education, experience, or surveys when identifying jobs that can be performed. *See Dennis B. v. Saul*, 2020 WL 7264460 at *2 (C.D. Cal. Dec. 10, 2020) (finding "[a]n ALJ may rely on a VE's experience as a reasonable explanation for deviating from the DOT."); *Buckner-Larkin v. Astrue*, 450 F. App'x 626, 628-629 (9th Cir. 2011) (finding that a conflict between the DOT and VE was appropriately explained where the VE offered testimony based on his own labor market surveys, experience, and research); *Morey v. Berryhill*, 2018 WL 1415160 at *3 (C.D. Cal. Mar. 20, 2018) (finding

that the ALJ obtained a reasonable explanation for a conflict where the VE "indicated that his testimony addressing the apparent conflict was based on his individual experience in placing individuals in similar jobs."); *Brian L. v. O'Malley*, 2024 WL 3223667 at *4-5 (C.D. Cal. Apr. 30, 2024) (finding the ALJ provided sufficient support to justify a deviation from the DOT by indicating the VE's opinion was based on his education, training, and review of occupational requirement surveys). Accordingly, an ALJ may reasonably rely on a VE's explanation for deviating from the DOT that it is based on the ALJ's education, experience, or surveys.

Based on the foregoing, the Court finds the ALJ fulfilled his duty to obtain a reasonable explanation for the VE's variance from the DOT and properly relied on the VE's testimony to determine that jobs exist in significant numbers in the national economy that Plaintiff can perform. The Court finds no error at step five; therefore, Plaintiff is not entitled to a remand.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's motion to affirm, **ECF No. 14**, is **GRANTED**.

2. Plaintiff's motion to reverse, **ECF No. 10**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED January 7, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE